IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DOUGLAS L. JACKSON                                                      PLAINTIFF

VERSUS                                        CIVIL ACTION NO: 1:04cv111WJG-JMR

ANTHONY J. PRINCIPI, Secretary of
Veterans Affairs                                                       DEFENDANT


<u>MEMORANDUM OPINION</u>

        This cause comes before the Court on the motion [16-1] of Defendant Anthony J.

Principi, Secretary of Veterans Affairs to dismiss, or in the alternative for summary judgment

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56(c).  The Court, being fully advised

in the premises and having examined the briefs and complaint in this case, finds as follows.

<u>Statement of Facts</u>

        Jackson was employed as a police officer with the Veterans Affairs [VA] Gulf Coast

veterans Health Care System, formerly the Biloxi VA Medical Center.  (Mot. to Dismiss, p. 1.)

He contends that he was not selected for promotion from police officer to supervisory police

officer because of his age.  (Compl., p. 4.)  He brought this lawsuit pursuant to the Age

Discrimination in Employment Act [ADEA], 29 U.S.C. § 623.  (*Id*., p. 1.)

        According to Defendant, Jackson's date of birth is December 20, 1939.  (Mot. to Dismiss,

Exh. B1, p. 5.)  Jackson claims that he applied, qualified and was referred for the position as a

GS-7 Supervisory Police Officer under vacancy announcement #109.  (*Id*., p. 3.)  He contends

that the other candidates for the position, M.S. Jenkins and D.A. Jones were younger and less

qualified for the position than he.  (*Id*., pp. 14-15.)  Jackson had no specific knowledge of the

other candidates' background and experience.  (*Id.*)  He contends that the candidates were selected over him because they were younger and better educated.  (*Id.*, pp. 15-16.)

A few weeks before his interview for the promotion, Jackson claims that his age was a factor in his non-selection for the position because Raymond B. Groat, a supervisory police officer at the VA, asked him if he planned to retire, and if so, what he would do if he were promoted.  (*Id.*, p. 7.)  Jackson responded that if he were promoted he would remain in service until he reached age 65 and if he were not promoted he would retire that year (2003).  (*Id.*)  This conversation took place a week or two before the interviews for the vacancy were held.  (*Id.*, p. 8.)

Jackson claimed that the promotion could not be based solely on a performance-based interview, because the application called for the submission of a KSAO (knowledge, skills, abilities, and other characteristics) and background summary.  (*Id.*, p. 21.)  He also states he was told that Christiane J. Jones, the Associate Medical Center Director at the VA,  based her decision on the KSAO and the interview.  (*Id.*)  Jackson took a large stack of background material to the personnel office prior to the interview and was told by the individuals in the personnel office not to submit the material.  (*Id.*, p. 16.)  Groat told Jackson to transpose all of the information onto a Form-172.  (*Id.*, p. 17.)  Jackson claims that the information included a lot of certificates that could not be transposed onto a Form-172.  (*Id.*)  Copies of the information included a summary of Jackson's qualifications; a list of law enforcement training he had completed from the years 1979 to date; description of his military service; and documentation of various awards and commendations.  (*Id.*, Exh. C-18.)  Jackson could not recall being asked about his age or retirement plans during the interview.  (*Id.*, Exh. B-1, pp. 9, 18.)

Robert M. Peden, Chief of the facilities management service, was a member of the selection committee.  (*Id*., Exh. B-4, p. 5.)  Peden assisted Groat in developing the questions to ask during the interviews, and obtained a police officer from another facility, Mark Schexnayder, lead police officer at the VA medical center in New Orleans, to sit on the interview panel.  (*Id*., pp. 5-6.)  He stated that performance-based questions are not based on a specific occupation but are used to address experience and problem solving abilities of a candidate.  (*Id*., p. 6.)  Each panel member individually scored the candidates.  (*Id*., p. 7.)  Peden stated that age was not a factor considered by management or the panel in selecting the candidates for the positions and that he was not aware of Jackson's retirement plans.  (*Id*., pp. 8-9.)

Peden asserts that each candidate was given an opportunity to provide additional information after the question and answer session.  (*Id*., pp. 9-10.)  Candidates were not permitted to bring in packages of information to the interview.  (*Id*.)  Peden stated that he believed all the candidates were qualified for the position and the scoring which led to the ranking of candidates was based on their interviews.  (*Id*., pp. 10-11.)

Jones was the selecting official in the promotion at issue in this lawsuit.  She states that she was 52 years old at the time of the interviews and denies knowledge of Jackson's age at any time prior to or during the selection process.  She directly supervised the police service at the VA, and was Groat's immediate supervisor.  (*Id*., Exh. B-6, pp. 5, 9-10.)  Each candidate was interviewed by a three-member panel.  (*Id*., p. 7.)  As far as Jones was concerned, age was not a factor in the selection process; Jones sought individuals with strong leadership skills.  (*Id*., p. 7.)  The individuals were ranked based on the candidate's responses to questions regarding improvement of services.  (*Id*., p. 8.)  Jones stated that she was promoted at the age of 52, which does not comport with claims that only younger individuals are promoted at the VA.  (*Id*., p. 13.)

Julie A. Catellier, the Medical Center Director, stated that she was not aware of any information in regard to Jackson's age, or that his age was a factor in his failure to be promoted. (*Id.*, Exh. B-7, p. 5.)  She contends that age was never mentioned in discussions she had with Jones as a factor to be considered in the decision to fill the supervisory positions.  (*Id.*, p. 7-9.)

Groat served as a member of the interview panel.  (*Id.*, Exh. B-5, p. 5.)  He testified that age was never mentioned as a factor to consider when interviewing the candidates.  (*Id.*, p. 7.)  Groat reviewed each candidate's application package and personnel file prior to the interviews. (*Id.*)  He was told by Jones to use performance-based interview questions and to score each candidate's response.  (*Id.*, pp. 6-7.)  He states that the candidates were scored based on their answers to the interview questions.  (*Id.*, p. 6.)  Groat stated that age was not discussed or taken into consideration by the interview panel, that he had no information that Jackson was not selected for the position solely because of his age, or that Jackson was ever discriminated against because of his age.  (*Id.*, pp. 7-8.)  He did remember speaking with Jackson about retirement. (*Id.*, p. 9.)  He also recalls Jackson bringing a stack of loose papers for his personnel record.  (*Id.*, p. 10.)  He told Jackson he would help him get the material into the file, and informed Jackson he would have to place the information on a Form-172 after speaking to the personnel office about the situation.  (*Id.*, pp.10-11.)

Schexnayder's instructions regarding the selection of a candidate were to ask a specific set of questions to each interviewee and rate the candidate based on the answers to those questions.  (*Id.*, p. 6.)  No discussion of a candidate's age was undertaken during the interviews. (*Id.*, p. 7.)

Patricia M. Finnegan, a human resource specialist who was responsible for processing the recruitment at issue, stated that she announced the position, qualified the applicants and prepared

the referral certificate for the selecting official.  (*Id.*, Exh. B-9, pp. 5, 7.)  She denied that age was

a factor in the selection process and did not hear any member of the selection process mention

age as a factor in the final selection.  (*Id.*, pp. 7-8.)  She stated that additional documentation is

not included in an official personnel folder and indicated that the common treatment for

including information from certificates is to add the relevant information to the SF-172.  (*Id.*, pp.

8-9.)  All information is due by the closing date for the application, and if any materials are

brought forward after the closing date that information would not be included in the file.  (*Id.*, pp.

12-13.)

Jackson admitted he has no evidence to support his belief that age was a factor in the

hiring decision other than discussions among people at the office.  (*Id.*, pp. 16-17.)

The Final Agency Decision regarding Jackson's complaint to the Equal Employment

Opportunity Commission [EEOC] was issued on December 11, 2004.  (*Id.*, Exh. 2.)  The

decision stated that Jackson failed to show that the VA's explanation concerning the selection

process was pretextual and to establish a link between his non-selection and his age.  (*Id.*, p. 18.)

The decision provided that the selection was made according to a facially neutral performance

based interview process and Jackson provided no additional evidence or testimony to rebut

management's rationale for their actions.  (*Id.*)

According to Jackson, the alleged impartial interview process was tainted and Jackson's

age was a determining factor in his non-promotion.  (Pl.'s Resp., p. 6.)  He claims that Groat's

questions regarding Jackson's retirement create a presumption that Jackson's age was a concern

to Groat.  (*Id.*)  Groat being the liaison between the interview panel and Jones, who was the

appointing official, makes reasonable the inference that Groat's concerns regarding Jackson's age

would infect the rest of the panel, according to Plaintiff.  (*Id.*)

Jackson argues that the fact that the highest scores awarded to the candidates in the interview process were awarded to the two youngest individuals establishes that some factor other than the responses to interview questions came into play in the selection process. (*Id.*, pp. 6-7.) Jackson maintains that age was the relevant factor. (*Id.*, p. 7.)

Jackson argues that he had a demonstrated record of success in the area of leadership as established by his background. (*Id.*, pp. 7-8.) He claims there was no such evidence in the records of the younger candidates. (*Id.*, p. 8.) He contends that this information creates a legitimate question of material fact which should be resolved at trial that the nondiscriminatory reason offered by the Defendant for the promotion was untrue. (*Id.*)

Jackson worked as a police officer at the VA since 1998. (Pl.'s Resp., Exh. 2, P-5, p. 2.) He contends that his military service from 1957-1977 proves to establish his superior qualifications to the other candidates, based on awards received during that service. (*Id.*, p.1, and attachments.) Jackson does not advance any other evidence to support his arguments.

<u>Standard of Review</u>

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) will be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *McCann v. Texas City Ref., Inc.*, 984 F.2d 667, 673 (5th Cir. 1993). In doing so, well-pleaded factual allegations in the complaint are accepted as true. *Herrmann Holdings Ltd. v. Lucent Tech. Inc.*, 302 F.3d 552, 557 (5th Cir. 2002) (quotations and citations omitted). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir. 1998). The dismissal will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lowrey v. Texas A & M*

*Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-6,

(1957)).  When considering such a motion includes evidence outside the pleadings as in this case,

the motion is converted to a motion for summary judgment.  FED.R.CIV.P. 12(b).  Both parties

have included evidence outside the pleadings in this case; therefore, the Court shall convert the

motion to dismiss to a motion for summary judgment, as urged by Defendant in the alternative.

Summary judgment is appropriate when no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c); *Manning v.*

*Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003).  All disputed facts are resolved in

favor of the party opposing the summary judgment.  *Walker v. Thompson*, 214 F.3d 615, 624 (5th

Cir. 2000).  The moving party bears the burden of establishing that there are no genuine issues of

material fact.  The nonmoving party may not rely upon mere allegations or denials within the

pleadings, but must come forward with specific facts showing the presence of a genuine issue for

trial.  *Whelan v. Winchester Prod. Co.,* 319 F.3d 225, 228 (5th Cir. 2003).

<u>Discussion</u>

Under the ADEA it is "unlawful for an employer . . . to . . . discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's age."  29 U.S.C. § 623(a)(1).  ADEA coverage extends to

"[i]ndividuals at least 40 years of age."  *Id.*  A plaintiff alleging age discrimination in violation of

the ADEA may prove his claim through direct or circumstantial evidence.  *Russell v. McKinney*

*Hosp. Venture,* 235 F.3d 219, 222 (5th Cir. 2000).  Direct evidence is evidence that "if believed,

proves the fact of intentional discrimination without inference or presumption."  *Woodhouse v.*

*Magnolia Hosp*., 92 F.3d 248, 252 (5th Cir. 1996).  If the plaintiff "demonstrates that age was a

motivating factor in the [employer's decision], it then falls to the [employer] to prove 'that the

same adverse employment decision would have been made regardless of discriminatory animus."
' *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004) (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1217 (5th Cir. 1995)).  The evidence produced by the plaintiff must be "sufficient for a jury to conclude, by a preponderance of the evidence, that [age] was a motivating factor for any employment practice."  *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 101 (2003).

If the plaintiff produces only circumstantial evidence of discrimination, age discrimination may be proven using the framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  That framework requires that the plaintiff first must establish a *prima facie* case of discrimination.  *Russell,* 235 F.3d at 222; *Bauer v. Albemarle Corp.,* 169 F.3d 962, 966 (5th Cir. 1999).  The elements of the *prima facie* age discrimination case for failure to hire which must be proven by Plaintiff are:  (1) that he was over 40 when he applied for the position, or he belonged to the protected class; (2) that he applied for and was qualified for the job; (3) that despite his qualifications, he was rejected; and (4) that the person that filled the position was not a member of the protected class.  *See Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir.2005); *Rachid,* 376 F.3d at 308-9; *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 317 (5th Cir. 2004).  The presentation of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the plaintiff.  *Bauer,* 169 F.3d at 966.

The defendant must then respond with a legitimate, nondiscriminatory reason for the challenged employment decision.  *Russell,* 235 F.3d at 222; *Bauer,* 169 F.3d at 966.  "This burden on the employer is one only of production, not persuasion, involving no credibility assessments."  *Russell,* 235 F.3d at 219.  If the defendant meets its burden, the presumption of discrimination created by the *prima facie* case disappears, and the plaintiff is left with the ultimate burden of proving discrimination.  *Hicks,* 509 U.S. at 511-12.

The plaintiff must present evidence to rebut each of the defendant's nondiscriminatory explanations showing those reasons to be false, or offer evidence that his age was a motivating factor for the adverse employment decision. *Machinchick*, 398 F.3d at 352; *West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 385 (5th Cir. 2003); *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 220 (5th Cir. 2001). He can survive summary judgment by producing evidence that discrimination lay at the heart of the employer's decision, or that the employer's explanation is false or unworthy of credence. *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896-7 (5th Cir. 2003); *Price,* 283 F.3d at 720. If he fails to produce substantial evidence of pretext, or produces evidence permitting only a tenuous inference of pretext, summary judgment in favor of the defendant is appropriate. *See Rubinstein v. Adm'rs of Tulane Educ. Fund,* 218 F.3d 392, 400 (5th Cir. 2000); *Sandstad,* 309 F.3d at 894.

In this case, Jackson asserts that he was better qualified for promotion because he clearly had a longer work history in law enforcement and had a number of awards and certificates of achievement in his profession, which he believes were not considered by the search committee. (Pl.'s Resp., pp. 11, 15-18.) He argues that Groat was age-biased as evidenced by his questions to Jackson concerning how long Jackson would stay on the job if he were promoted. (*Id.*, p. 18.) He claims that Groat had the most influence over the other members of the panel regarding the choice of the final candidates because Groat was the direct liaison between the panel and Jones, but does not cite specific evidence to support this conclusion. He makes no mention of the fact that the other panel members and specifically the selecting officer, Jones, denied that age was a consideration in the hiring process. Jones was not aware of any conversation between Groat and Jackson prior to the interview concerning Jackson's retirement plans. (Ct. R., Doc. 16, Exh. B-6, p. 12.)

To make a showing of pretext, the plaintiff faces a very high burden to establish that he is clearly more qualified than the individual who actually received the desired position.  *See Celestine v. Petroleos de Venezuella,* 266 F.3d 343, 357 (5th Cir. 2001).  In an employment discrimination case, the court must "focus on whether a genuine issue exists as to whether the defendant intentionally discriminated against the plaintiff."  *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 447-8 (5th Cir. 1996).  The court "must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.* 530 U.S. 133, (2000).  The elements of the plaintiff's *prima facie* case vary with the facts of the case and the nature of the claim.  *Price,* 283 F.3d at 720.

Although Jackson claims that his qualifications were far superior to that of the other candidates, he was completely unaware of the backgrounds and experience of the two individuals selected for the position.  (Ct. R., Doc. 16, Exh. B-1, pp. 15-16.)  Jackson contends that the credentials he was not allowed to present demonstrate that he was clearly better qualified than the two individuals that were promoted, however, he claims that the certificates could not be transposed onto the application, although this was the form he was directed to use to present the information by his supervisor.  (*Id.*, p. 17.)  The panel asked each of the candidates the same questions.  (*Id.*, Exh. B-4, p. 7.)  Jones made the final selection, choosing the highest scoring candidates from the list which summarized the score each person received from each panel member.  (*Id.*)

Jackson's assertion that he should have been promoted because his length of service was much longer than the other two candidates is not sufficient.  *See Price v. Federal Express Corp.,* 283 F.3d 715, 723 (5th Cir. 2002) (noting that the aggrieved applicant's "better education, work experience, and longer tenure with the company d[id] not establish that he [was] clearly better

qualified"); *Nichols v. Lewis Grocer,* 138 F.3d 563, 568-69 (5th Cir.1998).  Jackson must show

that he was "clearly better qualified" for the position in question.  *Odom v. Frank,* 3 F.3d 839,

845 (5th Cir.1993).  "To establish a fact question as to relative qualifications, a plaintiff must

provide sufficiently specific reasons for his opinion; mere subjective speculation will not

suffice." *Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41-2 (5th Cir. 1996).  "More evidence,

such as comparative work performance, is needed." *Nichols,* 81 F.3d at 42.  As Jackson

admittedly was unaware of the other candidates' work performance and history, he cannot

explain how his performance compared with that of the successful candidates at the VA.  (Ct. R.,

Doc. 16, Exh. B-4, pp. 5-6.)

The court is not expected to determine which applicant was the most qualified for a

particular position and oppose the opinion of the employer whose responsibility it is hire such

applicants.  *See Deines v. Texas Dept. of Prot. & Regulatory Serv.,* 164 F.3d 277, 280-1 (5th Cir.

1999); *see also Odom,* 3 F.3d at 847.  The court may not replace its own judgment for that of "the

employer in evaluating what types of experience are most valuable for an employee in the

absence of proof that the standards were not consistently applied or were so irrational or

idiosyncratic as to suggest a cover-up." *EEOC v. La. Office of Cmty Serv.,* 47 F.3d 1438, 1445

(5th Cir. 1995).  The Court, therefore, must conclude that Jackson's qualifications are not "so

superior" to those of the successful candidates to permit an inference of pretext.  *Office of Cmty*

*Servs.,* 47 F.3d at 1445.

The relevant inquiry in any case is not whether the employer's evaluations were wise or

correct, but whether they were honestly held and free of discriminatory bias. *Grimes v. Texas*

*Dep't of Mental Health & Mental Retardation,* 102 F.3d 137, 142 (5th Cir. 1996).

Disagreements over which applicant is more qualified are employment decisions not meant for a

court to second guess. *See Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1507-8 (5th Cir. 1988). "Even if evidence suggests that a decision was wrong, a court will not substitute its judgment as to who was more qualified for the employer's business judgment." *Scott v. University of Miss.,* 148 F.3d 493, 509 (5th Cir.1998). "The ADEA was not intended to be a vehicle for judicial second guessing of business decisions, nor was it intended to transform the courts into personnel managers." *Walther v. Lone Star Gas Co.,* 952 F.2d 119, 123 (5th Cir. 1992) (quoting *Thornbrough v. Columbus & Greenville R.R..,* 760 F.2d 633, 647 (5th Cir. 1985)). "The judicial system is not as well suited by training and experience to evaluate qualifications . . . in other disciplines as are those persons who have trained and worked for years in that field of endeavor for which the applications under consideration are being evaluated." *Office of Cmty. Servs.,* 47 F.3d at 1445. "[T]he bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparities are 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Celestine,* 266 F.3d at 357 (quoting *Deines,* 164 F.3d at 280-1).

Subjective criteria necessarily and legitimately enter into personnel decisions involving supervisory positions. *See, e.g., Risher v. Aldridge,* 889 F.2d 592, 597 (5th Cir. 1989); *Lerma v. Bolger,* 689 F.2d 589, 592 (5th Cir. 1982). This Court will not to substitute its "judgment for the employer in evaluating what types of experience are most valuable for an employee in [a] position in the absence of proof that the standards were not consistently applied or were so irrational or idiosyncratic as to suggest a cover-up." *Office of Cmty. Servs.,* 47 F.3d at 1445-6. Jackson has failed in his most important task, to raise a fact issue that the selection criteria were discriminatory, as he provided no evidence that he was "clearly better qualified" for the position

-12-

in question.  *Odom*, F.3d at 845.  He merely contends that he had a record of leadership ability and claims that the younger candidates did not have the same record.  (Pl.'s Resp., p. 8.)

Each of the persons responsible for making the hiring decisions testified that they chose other applicants because those applicants were better qualified than Jackson and that his age played no role in their determinations.  (Ct.  R., Doc. 16, Exhs. B-4, pp. 8-9; B-5, p. 8; B-6, pp. 8-9, 13; B-7, p. 9; B-8, p. 9; Exh. B-9, p. 7.)  Specifically, Peden stated that each candidate was asked the same questions and was given the opportunity to present additional information pertinent to the interview.  (*Id*., Exh. B-4, pp. 6-10.)  If believed by the trier of fact, these reasons would support a finding that unlawful discrimination was not the cause of Defendant's decision not to promote Plaintiff.  *See Jeffries v. Harris County Cmty. Action Ass'n.,* 693 F.2d 589, 590 (5th Cir. 1982) ("[T]he promotion of a better qualified applicant is a legitimate and nondiscriminatory reason for preferring the successful applicant over the rejected employee who claims the rejection was discriminatory.")  Therefore, the presumption raised by Plaintiff's *prima facie* case disappears.  *Reeves,* 530 U.S. at 143.  Jackson does nothing more than advance his contention that he was better qualified for the position, based on his lengthy experience and numerous commendations, but he fails to raise a fact issue that he was clearly the better qualified candidate.  He presents no evidence that age played any part in Defendant's hiring decision. When Plaintiff created only a weak inference of fact whether the employer's reason was untrue, and he failed to present evidence that a prohibited attribute played any role in the hiring decision, the Court finds that summary judgment is appropriate and should be granted.  *See Price,* 283 F.3d at 723; *Vadie v. Mississippi State Univ.,* 218 F.3d 365, 372-3 (5th Cir. 2000).

<u>Conclusion</u>

For the reasons given above, this Court finds that the Defendant's motion to dismiss [16-1], converted into a motion for summary judgment, should be granted.  A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with these motions.

THIS the 11th day of May, 2006.


<u>            *Walter J. Gex III*            </u>
UNITED STATES SENIOR DISTRICT JUDGE